UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN WOODARD Plaintiff(s)

vs.

Bank of New York
Defendant(s)

07CV6508
JUDGE LEINENWEBER
MAG. JUDGE NOLAN

RECEIVED

NOV 16 2007
11-16-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO REMOVE

1. This is a civil action brought pursuant to 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. A federal question has recently risen with the answering of discovery by the Plaintiff. The superiority of secutity instruments is in question, as well as several U.C.C. violations, not least of which is the absence of a signed contract. Pursuant to UCC section 9-310(b)(2)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY-DEPARTMENT-CHANCERY DIVISION**

BANK OF NEW YORK )
)
)
PLAINTIFF, )
)
)
-vs- )
)
) No. 06 CH 12133
)
)
JOHN O. WOODARD; TINISHIA )
WOODARD A/K/A TINISHA L. )
LEGEAuX A/K/A TINISHIA L. )
LEGEAUX; FRANKLIN CREDIT )
MANAGEMENT CORPORATION; )
UNKNOWN OWNERS AND NON )
RECORD CLAIMANTS )
)
)
)
DEFEDANTS )

**MOTION FOR INVOLUNTARY DISMISSAL**

**NOW COMES** Claimant/Owner of Defendants, John Woodard. , pursuant to the Second Ammendment of the United States Constitution as well as section 41(b)of the Federal Code of Civil Procedure, moves that the court dismisses the plaintiffs judgement for Foreclosure and Sale.

And here in states as follows:

1.Section 41(b) of the Federal Code of Civil Procedure states that the Claimant/Defendant can demand an involuntary dismissal when "The Plaintiff fails to comply with any rules of the court."

2. The court previously entered a judement in favor of the Defendant John Woodard by its agent J. Jones-EL, pursuant to section 26(a)(1)(C)and to section 34(a)(1) of the Federal Code of Civil Procedure, that moved the Plaintiff to produce specific documents of evidentiary materials on which such computation was based, bearing on the nature and extent of injuries suffered. The Plaintiff was ordered under penalty of perjury,to supply within 30 datys, specifically;

A. A Validation of Debt (actaul accounting, manual ledger)
B. Verification of the claim against the Defendant (sworn affadavit or signed bill) * NOT AN INVOICE, and
C. A copy of the Contract with signatures binding both parties.

3. The Plaintiffs have not yet provided any documentation to the defendant over 215 days after the first of 2 orders was entered. The attorneys for the plaintiff have come up with excuse after excuse to cover for their general incompetence which has spanned over two judges. The plaintiff claimed they had the required documentation the day of the judgement, however the motion to vacate was still entered over a month and a half after that date. The plaintiff doesn't seem to realize that the order entered was TO PROVIDE THE DEFENDANT

with all required documentation (with proof of delivery) not just to make empty claims of what they possess 215 days after they were suppossed to provide it to the defendant

4. The Defendant filed a Recission of Mortgage with the plaintiff on The third of October 2006, before the forementioned judgement was even entered. Recorded in the office of Recorder of Deeds of Cook County,IL. as document number 0627647053. Re-affirming my Rights of Homestead protected by the United States Constitution.

5. The Defendant filed a Recission of Warranty Deed (Conveyance of Trust) with the Cook CountyAssessor and Treasurer on The 29th day of September in 2006, Recorded in the office of The Recorder of Deeds of Cook County, IL. as document number 0627245030. Re-affirming my pre-existing liberties guarunteed by the United States Constitution.

6. Defendant, JOHN O WOODARD, is already surety in a pre-existing Security Instrument (UCC-1) perfected on October 3rd, 2006. Recorded in the office of Recorder of Deedsof Cook County, IL. as document number 0627647054.

**WHERFORE**, the Defendant, John Woodard, respectfully moves the court to enter an judgement for the Defendant and dismiss the Plaintiffs motion and vacate the judgement, with costs taxed to Plaintiff.

Defendant

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

FF-64874

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - CHANCERY DIVISION**

BANK OF NEW YORK
PLAINTIFF,
-vs-
JOHN O. WOODARD; FRANKLIN CREDIT MANAGEMENT CORPORATION; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS
DEFENDANTS

NO. 05 CH 12133

CALENDAR NO: 55

**CERTIFICATE**

I, Ch Cieniawa in this cause do hereby certify that on 8-9-07, I checked either the Clerk's docket or the online docket, and all service returns were verified.

I further certify that summons were served on the following parties as indicated as follows:

| PARTY | MEANS OF SERVICE | DATE OF SERVICE |
|---|---|---|
| JOHN O. WOODARD | Substitute | May 27, 2006 |
| Franklin Credit Management Corporation | Corporate | May 12, 2006 |
| Unknown Owners and Non-Record Claimants | Publication | July 31, 2006 |

**As per attached affidavit of Service

I further certify that the only appearances filed of record and/or received by Plaintiff, were for the following persons and on the dates shown herein:

| PARTY | DATE OF APPEARANCE | HOW REPRESENTED |
|---|---|---|
| John O. Woodard | 9/25/06 | Pro-se |

and that all other parties to this cause have failed to file their appearance.

BANK OF NEW YORK

Ch Ci

One of Plaintiff's Attorneys

Christopher A. Cieniawa
Fisher and Shapiro, LLC
Attorneys for Plaintiff
4201 Lake Cook Rd
Northbrook, IL 60062-1060
(847)291-1717 Ext: 4307
Attorney No: 42168

Order CCG N002-300M-2/24/05 ( )

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

[illegible]

v. No. [illegible]

[illegible]

## ORDER

[illegible handwritten text]

Atty. No.: [illegible]

Name: [illegible]

Atty. for: [illegible]

Address: [illegible]

City/State/Zip: [illegible]

Telephone: [illegible]

ENTERED:

Dated:

ENTERED
JUDGE PAUL A. KARKULA-1785
OCT 24 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL
DEPUTY CLERK

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order

CCG N002-300M-2/24/05 ( )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Bank of New York

v.

Woodland

No. 05CH 12133

## ORDER

This cause coming to be heard on defendant's continuing motion to dismiss for plaintiff's failure to comply with discovery requests, plaintiff having been ordered to comply on or before 2-15-07, plaintiff's counsel not being in court and defendant stating he did not receive the responses to discovery requests up to this date

IT IS ORDERED that defendant's motion to dismiss is granted.

Defendant is ordered to send a copy of this order to plaintiff's counsel.

Atty. No.: ________

Name: ________

Atty. for: ________

Address: ________

City/State/Zip: ________

Telephone: ________

ENTERED:

Dated: Judge Lisa R. Curcio

FEB 28 2007

Circuit Court - 1864

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

File No.: FF-64874

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

| | |
|---|---|
| **Bank of New York,**<br>**Plaintiff,**<br>**-vs.-**<br>**John O. Woodard; Franklin Credit Management Corporation; Unknown Owners and Non-Record Claimants,**<br>**Defendants.** | **NO. 05 CH 12133**<br>**Calendar No. 55** |

**MOTION TO VACATE DISMISSAL FOR WANT OF PROSECUTION**

Now comes Plaintiff, Bank of New York, ("Plaintiff"), by its attorneys, Fisher and Shapiro, LLC, and pursuant to Section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401), moves this Honorable Court to vacate its Order entered on February 28, 2007 dismissing this case for want of prosecution and further requests that the Court allow Plaintiff to proceed with this cause. In support of said Motion, Plaintiff states as follows:

1. On May 8, 2006, Plaintiff filed its Amended Complaint for Foreclosure in the above-captioned mortgage foreclosure action which was assigned Case Number 05 CH 12133.

2. On February 5, 2007, an order was entered continuing Defendant's Motion for Dismissal for status on the production of the Mortgage, Note, payment history and any documents signed by Defendant.

3. On February 28, 2007, Plaintiff had procured all documents requested. However, due to courtroom conflicts, Plaintiff was unable to appear for the status hearing.

4. On February 28, 2007, this Court entered an Order dismissing this cause for want of prosecution.

5. In view of the foregoing, Plaintiff asks that the Court vacate its February 28, 2007 Order dismissing this cause for want of prosecution and to allow Plaintiff to proceed with this cause.

Answer Form (3109) (Rev. 2/9/01) CCL 0531

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

Bank of New York
Plaintiff

vs.

John O. Woodard
Defendant

No. 05 CH 12133

## ANSWER

Now comes the Defendant to answer the plaintiffs motion to Vacate Judgement. The Plaintiff still has not provided to the Defendant with any of the Required Documentation over 145 days after the initial of 2 orders made two judges ago. Please Do not Reward the incompetence and arrogance of the Plaintiffs by allowing them to constantly bend & disobey rules of the Court without any consequences.

**ATTORNEY**

Atty. No.

Name

Attorney for

Address

City/Zip

Telephone

**PRO SE**

Atty No. 99500

Name John Jones-EC

Attorney for: PRO SE

Address 7817 S. Maryland ave

City/Zip Chicago IL 60619

Telephone (773) 951-4678

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY-DEPARTMENT-CHANCERY DIVISION**

**BANK OF NEW YORK** )
)
)
**PLAINTIFF,** )
)
)
**-vs-** )
)
) **No. 05 CH 12133**
)
)
**JOHN O. WOODARD; TINISHIA WOODARD A/K/A TINISHA L. LEGEAuX A/K/A TINISHIA L. LEGEAUX; FRANKLIN CREDIT MANAGEMENT CORPORATION; UNKNOWN OWNERS AND NON RECORD CLAIMANTS** )
)
)
**DEFEDANTS** )

**MOTION FOR INVOLUNTARY DISMISSAL**

**NOW COMES Claimant/Owner of Defendants, John Woodard. by its agent J. Jones-EL, pursuant to the Second Ammendment of the United States Constitutionas well as section 41(b)of the Federal Code of Civil Procedure, moves that the court dismisses the plaintiffs motion for foreclosure of Mortgage.**

**And here in states as follows:**

**1.Section 41(b) of the Federal Code of Civil Procedure states that the Claimant/Defendant can demand an involuntary dismissal when "The Plaintiff fails to comply with any rules of the court."**

**2. The court previously entered a judement in favor of the Defendant John Woodard by its agent J. Jones-EL, pursuant to section 26(a)(1)(C)and to section 34(a)(1) of the Federal Code of Civil Procedure, that moved the Plaintiff to produce specific documents of evidentiary materials on which such computation was based, bearing on the nature and extent of injuries suffered. The Plaintiff was ordered under penalty of perjury,to supply within 30 datys, specifically;**

**A. A Validation of Debt (actaul accounting, manual ledger)**
**B. Verification of the claim against the Defendant (sworn affadavit or signed bill)**
*** NOT AN INVOICE, and**
**C. A copy of the Contract with signatures binding both parties.**

**3. The Plaintiffs have not yet provided any documentation to the defendant over 145 days after the first of 2 orders was entered. The attorneys for the plaintiff have come up with excuse after excuse to cover for their general incompetence which has spanned over two judges. The plaintiff claimed they had the required documentation the day of the judgement, however the motion to vacate was still entered over a month and a half after that date. The plaintiff doesn't seem to realize that the order entered was TO PROVIDE THE DEFENDANT with all required documentation (with proof of delivery) not just to make empty claims of what they possess 145 days after they were suppossed to provide it to the defendant**

**4. The Defendant filed a Recission of Mortgage with the plaintiff on The third of October 2006, before the forementioned judgement was even entered. Recorded in the office of Recorder of Deeds of Cook County,IL. as document number 0627647053. Re-affirming my Rights of Homestead protected by the United States Constitution.**

**5. The Defendant filed a Recission of Warranty Deed (Conveyance of Trust) with the Cook CountyAssessor and Treasurer on The 29th day of September in 2006, Recorded in the office of TheRecorder of Deeds of Cook County, IL. as document number 0627245030. Re-affirming my pre-existing liberties guarunteed by the United States Constitution.**

**6. Defendant, JOHN O WOODARD, is already surety in a pre-existing Security Instrument (UCC-1) perfected on October 3rd, 2006. Recorded in the office of Recorder of Deedsof Cook County, IL. as document number 0627647054.**

**WHERFORE, the Defendant, John Woodard, respectfully moves the court to enter an judgement for the Defendant and dismiss the Plaintiffs motion to vacate the judgement, with costs taxed to Plaintiff.**

[signature] El

**Defendant**

0627647054

Doc#: 0627647054 Fee: $26.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 10/03/2006 10:24 AM Pg: 1 of 2

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

JOHN JONES
JONES TECHNICAL CONSULTING
7817 S. MARYLAND AVE.
CHICAGO,IL. SUITE 72

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME: WOODARD | FIRST NAME: JOHN | MIDDLE NAME: O. | SUFFIX: |
| 1c. MAILING ADDRESS: 7817 S. MARYLAND AVE APT 1 | CITY: CHICAGO | STATE: IL / POSTAL CODE: 60619 | COUNTRY: US |
| 1d. TAX ID #: SSN OR EIN 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 / ADD'L INFO RE ORGANIZATION DEBTOR / 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | ✓ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME: JONES | FIRST NAME: JOHN | MIDDLE NAME: ORVILLE | SUFFIX: JR |
| 2c. MAILING ADDRESS: 7817 S. MARYLAND AVE BSMT. | CITY: CHICAGO | STATE: IL / POSTAL CODE: 60619 | COUNTRY: US |
| 2d. TAX ID #: SSN OR EIN 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 / ADD'L INFO RE ORGANIZATION DEBTOR / 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ✓ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME: JONES | FIRST NAME: JOHN | MIDDLE NAME: OSIRUS | SUFFIX: |
| 3c. MAILING ADDRESS: 7817 S. MARYLAND AVE SUITE 72 | CITY: CHICAGO | STATE: IL / POSTAL CODE: 60619 | COUNTRY: US |

4. This FINANCING STATEMENT covers the following collateral:

A. TITLE OWNERSHIP, AND DOMINION OF ALL PROPERTY AND VEHICLES.
B. RIGHTS TO ALL INTELLECTUAL PROPERTIES.
C. ALL FIXTURES, CHATTEL PAPER, NEGOTIABLE DOCUMENTS, INVESTMENT PROPERTIES, ACCOUNTS, AND GENERAL INTAGIBLES.
D. A,B, & C ARE ALL SUBORDINATE TO SECURITY AGREEMENT BETWEEN JOHN JONES AND John Jones-EL A/K/A Jadub D'alkmst Aurakibulan-BEY

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ✓ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

10/2/02

Doc#: 0627647053 Fee: $26.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 10/03/2006 10:22 AM Pg: 1 of 2

TO: THOMAS A. RENYI (CEO)
BANK OF NEW YORK
One Wall Street - 31st Floor
New York, NY 10286
Telephone: (212) 635-1569
Fax: (212) 635-1799

TO: JAMES A. KONRATH, (C.E.O.)
ACCREDITED HOME LENDERS INCORPORATED
15090 Avenue of Science,
San Diego, CA 92128.

From: John O. Woodard, Living Person,
Owner of lot 40 in block 88 in Cornell, being a Subdivision in Sections 25 & 35 Township 38 North, Range 14, East of Third Principle Meridian, in Cook County, Illinois. PIN 20-26-318-007-000

RE. RECISSION OF MORTAGE BETWEEN THOMAS A. RENYI (BANK OF NEW YORK)/ JAMES A. KONRATH (ACCREDITED HOME LENDING) AND JOHN O. WOODARD.

This letter will serve as my formal notification to you that I am hereby rescinding the MORTGAGE AGREEMENT, effective immediately.

The reasons for my action are:

1. According to PENHOLLOW v. DOANE'S ADMINISTRATORS 3 US 1LED.57:3DALL.54,"Corporations can't sue a living person. All corporations are subject to men."

2. The Mortgage agreement between the Plaintiff and Defendant clearly states that the defendant would be loaned money to purchase a home. But no money was ever given to the defendant, there was merely an electronic fund transfer where a payment order was initiated but no actual interest bearing negotiable instruments were ever issued to John O. Woodard, or to any other party on his behalf.

3. I am not the Corporation JOHN O WOODARD, I am the living soul who signed the contract.

4. THE BANK OF NEW YORK, NOR ACCREDITED HOME LENDERS INC. has ever signed a contract with me, therefore there is no contract binding both parties. Thus making the contract voidable by either party.

0627245030

Doc#: 0627245030 Fee: $26.50
Eugene "Gene" Moore
Cook County Recorder of Deeds
Date: 09/29/2006 12:32 PM Pg: 1 of 1

To: Maria Pappas
Cook County Treasurer
Cook County Treasurer's Office
118 N. Clark St.
Chicago, IL. 60602

TO: James m. Houlihan
Cook County Assessor
Cook County Assessor's office
118 N. Clark St.
Chicago IL. 60602

From: John O. Woodard, Living Person,
Owner of lot 40 in block 88 in Cornell, being a Subdivision in Sections 25 & 35 Township 38 North. Range 14, East of Third Principle Meridian, in Cook County, Illinois. PIN #: 20-26-318-007-0000

RE. RECISSION OF WARRANTY DEED BETWEEN JAMES M. HOULIHAN (COOK COUNTY ASSESSOR) AND JOHN O. WOODARD.

This letter will serve as my formal notification to you that I am hereby rescinding the Warranty Deed (CONVEYANCE OF TRUST) effective immediately.

The reasons for my action are:

1. It was never known or explained what the true purpose of this document was.
2. I never would have signed away my rights had the terms "TO HAVE AND TO HOLD" been explained to me.
3. I am not the Corporation JOHN O WOODARD, I am the living soul who signed the contract.
4. the cook county assessor never signed a contract with me, therefore there is no contract binding both parties.
5. Homestead rights were never discussed or mentioned at any time during the closing. If they were discussed I never would've waived them or signed them over.

Stating those facts, I do hereby rescind my signature to the one sided un-enforceable contract, and in doing so re-claiming my right of Homestead that were fraudulently held by the cook county assessor.

Respectfully Yours,
[signature] 'Without Prejudice'
John Woodard-EL All Rights Reserved

[signature]
Notary Public 1/17/2007

OFFICIAL SEAL
CHARLES THOMAS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES [illegible]

FF-64874

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - CHANCERY DIVISION**

BANK OF NEW YORK
PLAINTIFF,
-vs-
JOHN O. WOODARD; FRANKLIN CREDIT MANAGEMENT CORPORATION; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS
DEFENDANTS

NO. 05 CH 12133

CALENDAR NO: 55

Associate Judge Lisa R. Curcio

AUG 20 2007

Circuit Court - 1864

**JUDGMENT OF FORECLOSURE AND SALE**

This cause having been duly heard by this Court upon the record herein, the Court FINDS:

1. It has jurisdiction of the parties hereto and the subject matter hereof.

2. That Plaintiff is the owner and legal holder of said note, mortgage and indebtedness, and all the material allegations of the Complaint are true and proven. By virtue of the mortgage, and the evidences of indebtedness secured thereby alleged in the Complaint, there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereinafter for the following:

| | | |
|---|---|---|
| a) | Principal, Advances and Accrued Interest by Plaintiff: | $102,389.48 |
| | Costs of Suit: | $1,326.00 |
| | Plaintiff's Attorneys Fees | 1,100.00 |
| | TOTAL: | $104,815.48 |

b) For such advances made in order to protect the lien of the judgment and preserve the real estate, such as, but not limited to: property inspections, real estate taxes or assessments, property maintenance, and insurance premiums incurred by the Plaintiff and not included in this Judgment and which is paid prior to the Judicial sale; that any such item expended shall become so much additional indebtedness secured by the judgment lien and bear interest from date of the advance at the Judgment rate of interest.

3.  a)  The Court specifically finds that service of process in each instance was properly made. The date when the last of the owners of the equity of redemption were served with summons or by publication was July 31, 2006 and the statutory right to reinstate, pursuant to Section 5/15-1602, has or will expire on October 31, 2006.

    b)  The statutory rights of redemption, pursuant to Section 5/15-1603, shall expire on **November 20, 2007**, unless shortened by further Order of Court.

4.  That under the provisions of said mortgage, the costs of foreclosure and reasonable attorneys fees are an additional indebtedness for which the Plaintiff should be reimbursed and that such expenses and reasonable attorneys fees are hereby allowed to the Plaintiff.

5.  That the Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Cook County Recorder of Deeds and the property herein referred to and directed to be sold is described as follows:

    LOT 40 IN BLOCK 88 IN CORNELL, BEING A SUBDIVISION IN SECTION 26 AND 35, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

    Commonly known as 7817 SOUTH MARYLAND AVE., Chicago, IL 60619

    Permanent Index No.: 20-26-318-007

6.  That the rights and interests of all of the following Defendants to this cause in and to the property hereinbefore described, are inferior to the lien of Plaintiff.

    None

7.  That the original note and the original mortgage or Affidavit of Documents have been offered in evidence and exhibited in open Court, and Plaintiff is hereby given leave to withdraw, if any, the original note and the original mortgage and in lieu thereof substitute true and correct copies therefore which are attached to the Complaint filed herein.

8.  Plaintiff has been compelled to employ and retain attorneys to prepare and file the complaint and to represent and advise the Plaintiff in the foreclosure of the mortgage, and the Defendant has and will thereby become liable for the usual, reasonable and customary fees of the attorneys in that behalf.

9.  The Plaintiff has been compelled and will be compelled after entry of this judgment, to advance, various sums of money in payment of costs, fees, expenses and